**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHRISTOPHER LAMAR ROGERS,
ADC #154204                                                                                           PETITIONER

v.                                          5:15CV00051-JM-JJV

WENDY KELLEY, Director, Arkansas
Department of Correction                                                                       RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

On February 7, 2013, a Pulaski County Circuit jury convicted Petitioner Christopher Lamar Rogers of first degree murder and robbery. (Doc. No. 1.) He filed a direct appeal, and when the Arkansas Court of Appeals affirmed his conviction, they outlined the underlying facts as follows:

> This was, by all accounts, a "drug deal gone bad." These crimes took place near midnight on December 29, 2011, in a parking lot of an apartment complex on Geyer Springs Road in Little Rock, Arkansas. The [petitioner], Christopher Rogers, (a/k/a "Young Money" and "Toppie") was admittedly a drug dealer having sold "weed" and "crack." [Petitioner] had prior convictions for selling marijuana in 2010 and 2011. In this particular drug deal, [petitioner] was to purchase two pounds of marijuana from Greg Smith. [Petitioner]'s cousin, Stevie Rogers, knew Darrell Temple, who in turn knew Greg Smith, a known marijuana dealer. The drug deal was supposed to happen in the apartment complex's parking lot. On that night, Greg Smith was in Darrell Temple's apartment. Around 11:00 p.m., [petitioner] and three friends—Rashun Goins, Mark Goolsby (a/k/a "Muff"), and Eric Austin (a/k/a "Mon")—went to the apartment complex in a gray Dodge Charger. "Mon" backed the Charger into a parking space adjacent to Greg's vehicle, a Chevy Cobalt. [Petitioner] was in the front passenger seat, nearest to the Cobalt's driver's side. Around midnight, Greg—who was armed with a handgun—exited Darrell's apartment and walked toward his car, the Cobalt. A confrontation occurred and multiple shots were fired. Greg was shot more than once, and "Muff" was shot in the hand. Greg fled on foot, back to Darrell's apartment. [Petitioner] and his group left the scene in the "shot up" and "blood stained" gray Charger. An apartment resident testified that he was awakened by the first two shots, and when he looked out his window, he saw people fleeing in a gray Dodge Charger and one man running down a breezeway toward an apartment in the complex. This witness called the police and reported that the Charger probably had bullet holes in it. He said that he knew Greg

>Smith to carry a nine millimeter gun, and that he thought it was Greg running back to the apartment. Two officers responded to the call and were directed to Darrell's apartment, where they found a severely wounded Greg on the floor. The officers also noticed a semi-automatic handgun on the floor. Greg was transported by ambulance to UAMS.

*Rogers v. State*, 2014 Ark. App. 133, *1-5. Greg Smith died later that night during surgery. *Id*. at *5.

During his appeal, Mr. Rogers did not challenge the sufficiency of the evidence to support his conviction and did not appeal his conviction further to the Arkansas Supreme Court. He also failed to file a Rule 37 petition seeking state postconviction relief. (Doc. No. 7.) However, in the instant Petition for Writ of Habeas Corpus filed February 11, 2015, he argues: (1) his trial counsel was ineffective for failing to preserve objections; (2) his appellate counsel was in ineffective for failing to raise sufficiency of the evidence; and (3) he is actually innocent. (Doc. No. 2.)

The State responded that Mr. Rogers's claims are procedurally defaulted and meritless. (Doc. No. 7.) Mr. Rogers replied, arguing that his procedural default should be excused. But after careful review of the pleadings and evidence, for the following reasons, I find Petitioner's claims are defaulted and should be dismissed.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); See 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). As a matter of comity and federalism, the state courts should have a proper opportunity to address as a petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 750

(1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. 722 at 749-50).

A federal court ordinarily cannot review the merits of a claim which a petitioner has never presented to any state court. *Williams v. Arkansas,* 941 F. 2d 672, 673 (8th Cir. 1991). Mr. Rogers was required to first present his ineffective assistance of counsel claims to the Arkansas courts "as required by state procedure," in a petition for post-conviction relief under Rule 37. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *see also*, e.g., *Carrier v. State*, 278 Ark. 542, 543 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for post-conviction relief under [Arkansas Rules of Criminal Procedure, Rule 37].")

Federal district courts may still review claims where a petitioner can demonstrate: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, such as the continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). After careful review of the Petition, I find Mr. Rogers can neither show cause for his default nor show a fundamental miscarriage of justice. Few petitioners are "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "[T]he miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied

that the trial was free of non-harmless constitutional error.'" *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schulp v. Delo*, 513 U.S. at 316 (1995)).

Mr. Rogers argues his Petition should not be dismissed because the State of Arkansas should be held accountable for creating an "unconstitutional scheme of deliberately and intentionally" forcing an "indigent unlearned criminal defendant to pursue a post conviction Rule - 37 without the assistance of counsel guaranteed the Petition under the state and federal constitution[s]." (Doc. No. 9.) While Mr. Rogers raises a colorable argument - especially in the wake of the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) - at present, there is simply no right to counsel during post conviction proceedings. *Biggs v. State*, 2014 Ark. 114 at *2 ("Postconviction matters are considered civil in nature with no absolute right to counsel.") There is also no means for Mr. Rogers to overcome his procedural default through *Martinez v. Ryan* and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), because he fails to make a "substantial claim" of ineffective assistance of counsel at trial. (Doc. No. 2 at 5-7.) Therefore, Mr. Rogers's lack of postconviction counsel provides no basis to excuse his procedural default.

    **B.**    **Actual Innocence**

As his second ground for habeas relief, Mr. Rogers claims he is actually innocent. Respondent correctly asserts that actual innocence is not by itself a ground for habeas relief. However, actual innocence serves as a gateway through which a petitioner must pass to have his defaulted constitutional claims considered on the merits. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993).

To establish a claim of actual innocence, a petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). To do so, Mr. Rogers must have (1) new and reliable evidence that

was not presented to the state courts, and (2) given this new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).

Mr. Rogers presents no new evidence. Rather he makes legal arguments that the testimony and evidence at trial "did not constitute first degree murder," the jury instructions were flawed, and that the jury verdicts were inconsistent. (Doc. No. 2 at 10-11.) In doing so, he fails to make a *prima facie* actual innocence showing and his claim should be dismissed.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Mr. Rogers's claims are clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice, and the requested relief be DENIED; and

6

2. A certificate of appealability should not be issued.

DATED this 21st day of October, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE